1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

JOSEPH R. SINGLETON,

10

Plaintiff,

Case No. C06-5572 FDB/KLS

11

v.

12

WASHINGTON STATE DEPARTMENT OF
CORRECTIONS MEDICAL DEPARTMENT,

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

13

14

Defendant.

15

16

        This civil rights action has been referred to United States Magistrate Judge Karen L.

17

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the Court is

18

Plaintiff's second motion for appointment of counsel.  (Dkt. # 13).   Having reviewed the motion, the

19

Court finds, for the reasons stated below, that it should be denied.

20

        There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

21

Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding

22

*in forma pauperis*, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon,

23

789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984);

24

Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires

25

an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

26

articulate his claims *pro se* in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d

27

at 1331.

28

ORDER - 1

1   Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not

2 demonstrated that the issues involved in this case are complex or that he has had any difficulties in

3 expressing them.  Plaintiff has brought forth his claims in a clear and organized manner.  While

4 Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.

5 The Court has already found that counsel is unnecessary in this case and that Plaintiff has not

6 demonstrated a likelihood of success on the merits of his claims.

7   Plaintiff's previous motion to appoint counsel (Dkt. # 9) was denied for the same reasons he

8 presents in this second motion.  Plaintiff fails to address the legal standard for appointment of

9 counsel.  Under Rule 11 of the Federal Rules of Civil Procedure, Plaintiff's signature on a pleading is

10 an indication that the motion is brought in good faith and is not designed to needlessly increase the

11 cost of litigation.  The Court accepts that this second motion was brought in good faith.  However,

12 Plaintiff is warned that future motions should address the proper legal standard for the Court's

13 consideration.  Failure to do so may result in sanctions, which may include costs, monetary sanctions,

14 and possibly dismissal of the action.

15   Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 13) is **DENIED**.

16   The Clerk is directed to send copies of this Order to Plaintiff.

17

18   DATED this 12th  day of January, 2007.

19

20

21

22                                         Karen L. Strombom
                                          United States Magistrate Judge
23

24

25

26

27

28   ORDER - 2