UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH R. SINGLETON,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT,

    Defendant.

Case No. C06-5572 FDB/KLS

ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's third motion for appointment of counsel. (Dkt. # 23). Having reviewed the motion and Defendant's opposition (Dkt. # 25), the Court finds that Plaintiff's motion should be denied.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER - 1

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has brought forth his claims in a clear and organized manner. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. The Court has already found that counsel is unnecessary in this case and that Plaintiff has not demonstrated a likelihood of success on the merits of his claims.

Plaintiff's previous two motions to appoint counsel (Dkt. # 9 and 13) were denied for the same reasons he presents in this third motion. The Court accepted that Plaintiff's first and second motions were brought in good faith and warned Plaintiff that any future motions should address the proper legal standard for the Court's consideration. (Dkt. # 15). Plaintiff was further advised that failure to do so may result in sanctions, which may include costs, monetary sanctions, and possibly dismissal of the action. (*Id.*).

Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 23) is **DENIED**. The Court will not entertain further motions on this issue without a proper showing. Plaintiff should understand that the Court has already taken into consideration Plaintiff's indigent status and lack of legal training. These are not extraordinary circumstances that warrant the appointment of counsel. Plaintiff must not persist in filing motions on these same grounds. If Plaintiff persists in filing motions in bad faith, he will be ordered to show cause why his action should not be dismissed.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  12th   day of April, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2