UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH E. SINGLETON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON MEDICAL DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | Case No. C06-5572 FDB/KLS<br><br>ORDER GRANTING MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently before the Court is Plaintiff's motion for summary judgment (Dkt. # 21) and Defendants' response (Dkt. # 24). Defendants request that the Court either deny Plaintiff's motion or grant Defendants' extension of time within which to respond to Plaintiff's motion. (*Id*.)

Having reviewed the parties' submissions and the record, the Court finds that an extension of time to respond to Plaintiff's motion for summary judgment is warranted.

**I. DISCUSSION**

Plaintiff filed his complaint in this matter on October 18, 2006. (Dkt. # 6) Defendant was served with the complaint on December 12, 2006. (Dkt. # 24, Exh. 1). The discvoery

ORDER - 1

deadline is on July 27, 2007 and the dispositive motions deadline is on August 31, 2007. (Dkt. # 20). Neither party has conducted any discovery. There have been no depositions taken, interrogatories served nor any requests for production or admission submitted. (*Id.*)

Plaintiff filed his motion for summary judgment on February 27, 2007. (Dkt. # 20). Plaintiff relies exclusively on argument and his own affidavit to support his allegations that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to a serious medical need. Defendants state that they need additional time to conduct reasonable discovery to respond to Plaintiff's allegations.

Fed. R. Civ. P. 56(f) provides:

> **(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The purpose of Fed. R. Civ. P. 56(f) is to prevent a party from being "railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554 (1986).

> Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

*Id.*

To properly prepare their defense, Defendants submit that they will need to obtain medical records and at a minimum, will need to depose the Plaintiff. As the elapsed time between the filing of Plaintiff's complaint and the filing of his motion for summary judgment has been just a little over two months and neither party has conducted any discovery, the Court finds that there

ORDER - 2

is good cause for the requested extension.

Accordingly, Defendants' motion (Dkt. #24) shall be granted to the extent that it seeks a continuance of time within which to respond to Plaintiff's motion for summary judgment. Plaintiff's motion shall be re-noted for **August 31, 2007**. Defendants' response shall be due no later than **August 27, 2007.** Plaintiff may file a reply no later than **August 30, 2007**.

The Clerk is directed to send copies of this order to Plaintiff and counsel for Defendants.

DATED this  20th  day of April, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER - 3