UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH R. SINGLETON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT,<br><br>　　　　Defendant. | Case No. C06-5572 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:** May 30, 2008 |

　　Before the Court is Plaintiff's motion, in the form a letter to the Court, seeking an order directing his transfer from Clallam Bay Corrections Center (CBCC) to another Department of Corrections (DOC) facility where he does not have a lawsuit pending. (Dkt. # 45). Plaintiff did not serve Defendants with a copy of his motion. Having carefully reviewed Plaintiff's motion, Defendants' response, and the balance of the record, the undersigned recommends that Plaintiff's motion be denied.

### I. INJUNCTIVE RELIEF REQUESTED

　　Plaintiff is currently incarcerated at Clallam Bay Corrections Center. (Dkt. # 45). Plaintiff was incarcerated at CBCC at the time of the incident of which he complains in his

REPORT AND RECOMMENDATION - 1

Complaint. (Dkt. # 6). Plaintiff states that he is transgender and alleges that he was denied transsexual hormone treatment while at CBCC. *Id*., p. 3.

Plaintiff seeks a transfer from CBCC to a DOC facility where he does not have a lawsuit because Plaintiff claims that he is being "prejudiced by staff officers" at CBCC because of his lawsuit and that the situation is a "discomfort." (Dkt. # 45).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725,

REPORT AND RECOMMENDATION - 2

731 (9th Cir. 1999) (internal quotations omitted).  Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

Further, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party.

A temporary restraining order may be granted under Rule 65(b), but only if:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

### III. DISCUSSION

Plaintiff states that he is in an uncomfortable situation because he is currently housed in the same facility where he has brought a lawsuit against the medical personnel.  (Dkt. # 45).   Plaintiff also states that he is being prejudiced by staff officers because of his lawsuit. *Id*.  Plaintiff provides no further explanation.

To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id.* at 1251.   To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a

REPORT AND RECOMMENDATION - 3

prerequisite to preliminary injunctive relief." *Associated General Contractors*, 950 F.2d at 1410.

There is no evidence of any threat of imminent harm to Plaintiff in his continued housing situation. Indeed, Plaintiff has provided the Court with no explanation or evidence of what prejudice or discomfort he is experiencing. Therefore, Plaintiff has not demonstrated exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. The Court also notes that inmates have no right to placement in a particular correctional institution. *See, Meachum v. Fano*, 427 U.S. 215, 225 (1976). Therefore, Plaintiff's request for an order of transfer to another DOC facility must be denied.

Plaintiff is advised that future requests to the Court must be in the form of a motion, properly noted on the Court's calendar, and copies served upon counsel for Defendants to ensure that all parties are properly given notice.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunction (Dkt. # 45) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 30, 2008**, as noted in the caption.

DATED this 30th day of April, 2008.

REPORT AND RECOMMENDATION - 4

1

2

3

                                                    Karen L. Strombom
                                                    United States Magistrate Judge

26  REPORT AND RECOMMENDATION - 5