UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH E. SINGLETON,<br><br>             Plaintiff,<br><br>       v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT,<br><br>             Defendant. | Case No. C06-5572 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**Noted For:**<br>**June 20, 2008** |

Before the Court are the motions for summary judgment of Plaintiff Joseph E. Singleton (Dkt. # 21) and Defendant State of Washington Department of Corrections Medical Department (DOC Medical Department). (Dkt. # 42). Plaintiff seeks judgment in his favor on his claims that Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In response, Defendant submits its motion for summary judgment, arguing that Plaintiff's claims must be dismissed because he has failed to state a claim of deliberate indifference and because the DOC Medical Department is not a "person" within the meaning of 42 U.S.C. § 1983.[1]

---

[1] Plaintiff's motion for summary judgment was filed seven days after Defendant filed its answer and Defendant sought an extension of time pursuant to Fed. R. Civ. P. 56(f), which was granted. (Dkt. # 27). Both motions are now noted for April 25, 2008. (Dkts. # 37, 42). Defendant requests that its motion for summary judgment be considered as its response to Plaintiff's motion. (Dkt. # 46).

REPORT AND RECOMMENDATION - 1

In support of his motion, Plaintiff submits his Affidavit, in which he verifies that everything stated in his motion is true. (Dkt. # 21, Attach. 1).  Plaintiff has filed no response to Defendant's motion for summary judgment.  Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

In support of its motion, Defendant submits the deposition testimony of Plaintiff, with attached exhibits.  (Dkt. # 42, Exhs. 1 and 2).

After careful review of the motions, supporting declarations and documents, and balance of the record, and viewing the facts in the light most favorable to the Plaintiff, the undersigned recommends that Plaintiff's motion be denied and Defendant's motion be granted.  However, a review of Plaintiff's complaint reveals an additional allegation that at the time of filing, the Court should have required Plaintiff to replead.  The parties do not address that allegation in their motions.  Out of an abundance of caution, the undersigned recommends that Plaintiff be granted leave to amend his complaint with regard to that sole allegation.

## I.  FACTS

Plaintiff Joseph Singleton was incarcerated at Clallam Bay Corrections Center (CBCC) in Clallam Bay, Washington, at the time of the incident he complains of in his complaint.  Specifically, Plaintiff claims he is transgender and that he was denied transsexual hormone treatment while at CBCC.  (Dkt. # 6, p. 3).  The only Defendant named by Plaintiff in his complaint is the DOC Medical Department.  *Id*., pp. 2-3; Exhibit 1, Deposition of John Singleton, p. 27, ll. 14-21.  No individuals have been named as defendants.  *Id*.  Plaintiff seeks an order directing that he receive transsexual hormone treatment, medication therapy and sex change surgery.  (Dkt. # 6, p. 4).  Plaintiff seeks no monetary damages.  *Id*.

During his deposition, Plaintiff was asked whether he had ever been diagnosed by a mental health professional as transgender.  (Dkt. # 42, Exh. 1, p. 16, ll. 13-18).  Plaintiff replied that he had been so diagnosed one time while in Central Lock-up in New Orleans in 1992. *Id*.  However

REPORT AND RECOMMENDATION - 2

Plaintiff admitted that Dr. Juarez was not a mental health doctor but a "physical" doctor. *Id*., p. 18, ll. 14-16.

Other than Dr. Juarez, no other doctor has diagnosed Plaintiff as being transgender. *Id*., p. 20, l. 13 to p. 21, l. 25. It is Plaintiff's understanding that all of his medical records from Central Lock-up in New Orleans were destroyed in the aftermath of Hurricane Katrina. *Id*. The mental health professional Plaintiff saw at CBCC, Bert Jackson, informed Plaintiff that he was not qualified to make a gender dysphoria diagnosis. *Id*., p. 25, ll. 7-12. Plaintiff never began any hormone therapy at any time before his incarceration with DOC. *Id*.

Attached to Plaintiff's complaint is the grievance Plaintiff filed relating to denial of hormone treatment. (Dkt. # 4, p. 5). Plaintiff identified his grievance as Exhibit 2 to his deposition. *Id*., p. 22, ll. 8-18. Defendant does not dispute that Plaintiff exhausted the DOC grievance process relating to this grievance prior to filing suit.

In investigating Plaintiff's grievance, DOC found he had never begun hormone therapy for gender dysphoria prior to incarceration. *Id*., Exh. 2 attached to Exh.1. Plaintiff did not meet the protocols for hormone treatment and the grievance response read, in part, as follows:

> The information gathered indicates that you must have met the qualifications of being diagnosed with gender dysphoria and been on the medication appropriately prescribed as part of a formal gender modification program, and taken it chronically without interruption prior to incarceration in order to be considered for continuation of treatment. There is no documentation from Orleans Parish Prison that you have been prescribed the medication. Following the Offender Health Care Plan, your request for medication is considered a Level 3 and not medically indicated, and does not meet DOC protocol.

*Id.*, Exh. 2.

Plaintiff also alleges that his claim is a "refile" of his earlier lawsuit, Case No. C02-5477FDB, which was dismissed without prejudice for failure to exhaust administrative remedies.

REPORT AND RECOMMENDATION - 3

(Dkt. # 19 therein). A review of the Court's records indicates that Plaintiff's previous lawsuit involved Grievance Log No. 0213932, dated July 31, 2002, against Dr. Johnston for refusal to prescribe Depo-Provera and for sexual harassment. *Id.* Plaintiff alleges that he has now completed the grievance process but he fails to allege any facts upon which relief may be granted with regard to that claim. Dkt. # 6, p. 3.

## II. STANDARD OF REVIEW

In examining the motions for summary judgment before it, the Court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

## III. DISCUSSION

**A.     DOC Medical Department Is Not a Person Under 42 U.S.C. § 1983**

To be actionable under 42 U.S.C. § 1983, a "person" must be acting under color of state law. The state of Washington, its agencies and individual employees acting in the official capacities do not fall within the definition of this term. "[N]either a state nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *Rains v. State*, 100 Wn.2d 660, 667-68, 674 P.2d 165 (1983).

REPORT AND RECOMMENDATION - 4

Defendant argues that Plaintiff's claims must be dismissed because he lists the DOC Medical Department as the only defendant in his complaint and does not name any individual employees that allegedly caused him harm. Defendant argues that because the DOC Medical Department is a branch of an agency of the state of Washington, it is not considered a "person" as that term is defined in case law for purposes of liability under 42 U.S.C. § 1983.

The undersigned agrees that Defendant is entitled to dismissal on this basis and would ordinarily recommend that Plaintiff be given an opportunity to amend his complaint to name a proper defendant. However, as is more fully explained below, leave to amend in this case would be futile because Plaintiff's claim that Defendant violated his Eighth Amendment rights by refusing him transsexual hormone treatment is without merit. *See Doe v. United States*, 58 F.3d 494 (9th Cir. 1995); *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000 (en banc) (when dismissing a complaint for failure to state a claim, the district court should grant leave to amend unless amendment would be futile).

**B.      Plaintiff's Eighth Amendment Claim - Refusal of Hormone Treatment**

Plaintiff claims that Defendant violated his rights under the Eighth Amendment of the Constitution because he is transgender and Defendant denied him transsexual hormone treatments while he was housed at CBCC. (Dkt. # 6, p. 3). Plaintiff states that he never received any treatment for transsexualism and was only interviewed by Dr. Bert Jackson to determine whether Plaintiff was transsexual to assist in getting treatment from a "higher doctor at CBCC Medical Department." (Dkt. # 21, p. 2). Plaintiff was denied transsexual treatment by the "higher doctor" at CBCC Medical Department. *Id*.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97,

REPORT AND RECOMMENDATION - 5

104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id*. at 104-5; *see also Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Famer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

To prevail, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances … and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), cert. denied, 519 U.S. 1029, 117 S. Ct. 584 (1996). The indifference to medical needs must be substantial. Inadequate treatment due to malpractice, or even gross negligence does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of medical opinion does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Jackson*, 90 F.3d at 332.

There is no dispute that transsexualism is a complex medical and psychological problem or that its treatment may present a "serious medical need" under the *Estelle* formulation. *See e.g. Meriwether v. Faulkner*, 821 F.2d 408, 412-12 (7th Cir. 1987) (and cases cited therein). These issues are not in dispute. Plaintiff alleges here that despite the fact that he was diagnosed by Dr. Bert Jackson as a transsexual, he was refused transsexual hormone treatment. (Dkt. # 6, p. 3).

Accepting Plaintiff's allegations and averments in the light most favorable to Plaintiff, there is no evidence that Plaintiff has, in fact, been diagnosed with gender dysphoria. Plaintiff has

REPORT AND RECOMMENDATION - 6

identified no expert and has presented no summary judgment evidence of such a diagnosis. The Court has only the hearsay testimony of Plaintiff that at one time, a "physical" doctor who examined Plaintiff while he was in Central Lock-up in New Orleans in 1992, diagnosed him as a transgender. (Dkt. # 42, Exh. 1, p. 16, ll. 13-18). Plaintiff also admits that he never began any form of hormone therapy for gender dysphoria prior to his incarceration with DOC. *Id*.

Plaintiff was informed in response to his grievance that, pursuant to DOC's protocols outlined in its Offender Health Plan, Plaintiff does not qualify for initiation of hormone therapy. Plaintiff has provided no authority that DOC's approach is medically unacceptable under the circumstances and/or that it was done with a conscious disregard of an excessive risk to his health.

As Plaintiff has not raised a factual dispute as to any medical indifference of Defendant on Plaintiff's claim that he was refused transsexual hormone treatment even though he was diagnosed as a transsexual, the undersigned recommends that Plaintiff's motion for summary judgment (Dkt. # 21) be denied and that Defendant's motion for summary judgment (Dkt. # 42) be granted.

**C.     Plaintiff's "Refiled Claim"**

As noted above, Plaintiff also alleges that his claim is a "refile" of his earlier lawsuit, Case No. C02-5477FDB, which was dismissed without prejudice for failure to exhaust administrative remedies. (Dkt. # 19 therein). In that lawsuit, Plaintiff's Grievance Log No. 0213932, dated July 31, 2002, Plaintiff's claim against Dr. Johnston was for refusal to prescribe Depo-Provera and for sexual harassment. *Id*. Plaintiff alleges that he has completed the grievance process with regard to that claim. (Dkt. # 6, p. 3).

Plaintiff should be granted leave to amend his Complaint to specifically re-allege a claim under 42 U.S.C. § 1983 against Dr. Johnston or other individuals. Plaintiff should allege how individually named defendants caused or personally participated in violating his constitutional

REPORT AND RECOMMENDATION - 7

rights.   Plaintiff must set out sufficient facts outlining his causes of action against particular named defendants.

## IV.  CONCLUSION

For the reasons stated above the Court should **DENY** Plaintiff's motion for summary judgment (Dkt. # 21) and **GRANT** Defendant's motion for summary judgment (Dkt. # 42), and that Plaintiff be granted leave to amend with regard to facts underlying Grievance Log No. 0213932 previously referred to in Case No. C02-5477FDB.

A proposed order accompanies this Report and Recommendation.   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk of the Court is directed to set the matter for consideration on **June 20, 2008**, as noted in the caption.

DATED this 27th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8